

U.S. Department of Justice
United States Attorney

**FILED**

**NOV 19 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*District of Columbia*

*Judiciary Center*
*555 Fourth St N W*
*Washington, D C. 20001*

October 12, 2010

Jay A. Hebert
5250 Ulmerton Road
Clearwater, FL 33760

                Re:    United States v. Stephanie A. McCloskey
                         Criminal Case No. 10-245-02

Dear Mr. Hebert:

This letter sets forth the full and complete plea offer to your client, Stephanie A. McCloskey, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer will expire on October 15, 2010.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and send it via facsimile to my attention at: (202) 307-2304. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.     **Charges and Statutory Penalties**

Your client agrees to plead guilty to Count One of the Indictment, which charges a violation*s* [handwritten: *and Title 18, United States Code, Section 2, Aiding and Abetting.*] of Title 18, United States Code, Section 371, Conspiracy. Your client understands that the maximum statutory punishment for the crime of Conspiracy is up to five years incarceration, a fine of $250,000, a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. **However, this plea agreement does not bar prosecution of your client in connection with crimes of violence. Nor does this plea agreement bar prosecution of your client in connection with injuries or death of any person(s) proven to be caused by integrated circuits bearing counterfeit marks sold or distributed in connection with this case. This exception is not limited**

**to events arising from the offenses of conviction as to your client.**

At the time of sentencing, the Government will move to dismiss the other counts of the Indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

## 2. Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Prior to the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## 3. Sentencing Guidelines Stipulations

**A.** Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2009 Ed.) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

| Guideline Number | Description | Level |
|---|---|---|
| 2B5.3(a) | <u>Offense</u>: Criminal Infringement of Copyright or Trademark | 8 (base) |
| 2B5.3(b)(1)(B) | Specific Offense Characteristics With an agreed upon loss amount of more than $1 million.[1] | |

---

[1] The loss amount here is the readily provable "infringement amount," which consists of: (1) the integrated circuits destined for VisionTech Components, which were seized at the U.S. borders and determined to be counterfeit ($425,293.20); (2) VisionTech customer refunds ($1,059,920.00); (3) the counterfeit integrated circuits purchased by government agents during the investigation herein ($2,208.00); (4) the counterfeit integrated circuits recovered at the time of the search warrant execution at VisionTech bearing the following purported trademarks: Texas Instruments (TBD); Analog Devices (TBD), STMicroelectronics ($14,349.00 - examination on-going as of 10/07/10) and Intel (TBD); and (5) the counterfeit integrated circuits that form the basis of the customer complaints alleged in the Indictment (TBD).

|            | Infringement level per table in 2B1.1 (b)(1)(I). | 16 |
|------------|--------------------------------------------------|----|
| 2B5.3(b)(3) | The offense involved the manufacture and importation of infringing items | 2 |
| 2B5.3(b)(5) | The offense involved the conscious or reckless risk of serious bodily injury[2] | 2 |
| 3B1.1(b)   | Aggravating Role - Defendant was a manager or supervisor of a criminal activity that involved 5 or more participants or was otherwise extensive | 3 |
|            | Total Offense Level | 31 |

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2009) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### B. Acceptance of Responsibility: 2-level reduction

The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, *adherence to every provision of this Agreement*, and subsequent conduct prior to the imposition of sentence.

---

[2]Some of the counterfeit devices were destined for military weapons' applications (Identification Friend-Foe system, missiles), some were destined for controllers in high-speed trains for a "life critical application," and some were for incorporation in hand-held nuclear detection equipment. Goods stopped at the U.S. borders and determined to be counterfeit, which were destined for VisionTech Components at the Clearwater, Florida address, also contained military-grade devices. The Vision Tech website displays an image of a fighter jet on the opening page. The telephone "on-hold" tape that played at VisionTech states that VisionTech specializes in military components. In addition, these devices are used in numerous industries, including medical devices, home electronics, computer applications, automotive, infrastructure, aerospace, and military.

### C. Timely Notification of Intent to Plead Guilty

The government agrees that a 1-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(b), provided your client notifies the government of her intent to plead guilty prior to the expiration of the instant plea offer.

In accordance with the above, the applicable **Guidelines Adjusted Offense Level is  28 .**

### D. Criminal History Category

Based upon the information now available to this Office your client has no know criminal record.

In accordance with the above, your client's **Criminal History Category is  I  .**

### E. Applicable Guideline Range

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range, at adjusted offense level 28, is 78 to 97 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 28, the applicable fine range is $12,500 to $125,000.**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### 4. Agreement as to Forfeiture

(a) As part of the plea and in addition any restitution obligation, your client agrees to a criminal forfeiture to the United States in the form of a money judgment in the amount of $166,141.23. Your client agrees that this amount represents property constituting, or derived from, proceeds obtained, directly or indirectly, by your client as the result of the fraudulent scheme to which your client is pleading guilty under the terms of this agreement.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this money judgment at the time of her guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for the amount of this money judgment as part of her sentence.

(c) Your client agrees that this plea agreement permits the government to seek to forfeit any of her assets, real or personal, that are subject to forfeiture under any federal statute, even though this agreement does not specifically identify such an asset. Regarding any asset or property not identified specifically in this plea agreement, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation to which she is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. The money judgment and substitute assets are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p).

By this plea agreement, your client agrees that she has waived any and all interest she has in these assets or properties and consented to their forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or property in any forfeiture process, she hereby agrees to withdraw it. She also agrees that she will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest she has in such property and consents to its destruction by the law enforcement agency.

(d) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture she has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and she waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of her guilty plea.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since December 6, 2006, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, no later than two weeks after the plea hearing. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1000 or use lesser number if case warrants that, since December 6, 2006, your client owned, or in which your client maintained an interest. Your client agrees to take all steps as

requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, *habeas corpus*, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 5. Agreement as to Sentencing Allocution

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### 6. Cooperation

Your client agrees to cooperate completely, candidly, and truthfully in any criminal investigation or prosecution conducted by this Office or by other prosecutors. Specifically, your client agrees:

**A.** To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects or other requested materials of any kind or description that your client has, including financial records and tax returns;

**B.** To answer completely, truthfully, and candidly all questions put to your client by attorneys and law-enforcement officials;

**C.** To be available for interviews by attorneys and law-enforcement officers of the government upon request and reasonable notice;

**D.** Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

**E.** To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that your client shall provide; and

**F.** To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to your client by the Court or by the attorney for any party completely, truthfully, and candidly.

### 7. Departure Committee

At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the government will file a motion pursuant to § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government. Your client further understands that the failure of the government to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

### 8. Use of Certain Information

The government and your client agree that because your client has agreed to cooperate with the government in a criminal investigation, under Section 1B1.8 of the Guidelines, self-incriminating information provided by your client pursuant to his cooperation agreement shall not be used against your client in the determining the applicable Guidelines range, except as otherwise provided in this Agreement.

The preceding paragraph shall not be applied to restrict the use of information:

**A.** known to the government prior to the date that your client enters a plea of guilty;

**B.** concerning the existence of your client's prior convictions and sentences;

**C.** in a prosecution for perjury, giving a false statement, or obstruction of justice;

**D.** in the event that there is a prosecution for perjury or giving a false statement; and

**E.** in determining whether, or to what extent, a downward departure is warranted under Section 5K1.1 of the Guidelines.

### 9. Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range

based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 10. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### 11. Restitution

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

In addition to any restitution that may be ordered by the Court, your client agrees to make restitution **of an amount not exceeding $500,000.00, the exact amount to be determined by the parties in advance of the sentencing proceedings**, to all victims of your client's criminal conduct and not merely for those victims included in the count to which your client agrees to plead guilty. Your client agrees to make restitution in accordance with a schedule determined by the Court. The Government will provide the Probation Officer with the names and addresses of the victims to whom restitution is to be paid and the amount due each victim.

### 12. Release/Detention

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing *or if the government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.*

### 13. Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement or engages in any criminal activity prior to sentencing, your client will

have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 14. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 15. Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### 16. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: Sherri L. Schornstein
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Jay A. Hebert, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 11/18/10

_____
Stephanie A. McCloskey
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 11 pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 11/18/10

_____
Jay A. Hebert, Esq.
Attorney for the Defendant